ANTHONY SHOALS POWER COMPANY *v.* FORTSON.

LUMPKIN, J. When this case was formerly before the Supreme ·Court (138 *Ga.* 460, 75 S. E. 606), it was held that the original contract sought to be set up by the plaintiff created only a tenancy at will.

(*a*) The effect of the statute of frauds upon the contract, as having been made in parol, might be avoided by showing such part performance as would take it without that statute; but the mere avoidance of the statute of frauds would not change the effect of the contract as to the tenancy created, had such contract been in writing.

(*b*) If a tenant at will erects valuable improvements upon the premises, this does not of itself operate to change the character of the tenancy.

(*c*) When the case was formerly before this court it was further held that there was sufficient evidence to authorize a finding that the tenant ex-

ecuted and the landlord accepted a note for the rent of the property for the year 1912, which instrument also contained a contract setting out the terms of the rental for that year, and added stipulations not contained in the prior alleged parol contract; and it was further held that, if this were so, it integrated the prior parol contract and thereby created a definite tenancy for the year 1912, terminating at the end of that year. When this case was returned to the court below the tenant amended his petition by alleging, that, if the note and accompanying contract had the effect mentioned, there was a mutual mistake of the parties, who did not so intend, but only that it was given for the rent for the year in pursuance of the prior parol contract; and he thereupon sought to avoid the effect of such written contract as it had been construed by this court. *Held,* that if the tenant should succeed in obviating the effect of such written contract on the ground that it was made by mutual mistake as to its effect, and in reverting to the original contract, he would thereby acquire no additional rights under such original contract, but would be met with the former ruling that it created only a tenancy at will.

(d) Accordingly, the verdict and judgment seeking to establish a valid contract between the parties, to remain of force indefinitely until the landlord might flood the land, was contrary to law and must be set aside.

(e) As the preceding rulings control the case, it is unnecessary to pass in detail upon the various rulings of which complaint was made.

*Judgment reversed. All the Justices concur, except*

BECK, J., dissenting. Under the pleadings and evidence in the case, the jury were authorized to find that the original parol contract was taken out of the statute of frauds by performance upon the part of the plaintiff, who based his case on that contract; and the jury were further authorized to find that the written contract executed subsequently to the parol contract, which in the opinion of the court integrated the contract between the parties, and which contained terms different from those in the parol contract, was executed under a mutual mistake of law and should be set aside so far as by its terms it tended to annul or abrogate the original contract.

OCTOBER 1, 1914.

Equitable petition. Before Judge Walker. Wilkes superior court. April 24, 1913.

*William Wynne, W. A. Slaton,* and *Thomas J. Brown,* for plaintiff in error. *Samuel H. Sibley* and *I. T. Irvin Jr.,* contra.